I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY ~along w/ a copy of the Petition
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ the Fed. Pub. Def.
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 12/14/2010

DEPUTY CLERK

*Copy mailed to Petitioner



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 14 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. OWENS, | Case No. CV 10-9399-CAS (RNB) |
| Petitioner, | |
| vs. | ORDER DISMISSING PETITION WITH LEAVE TO AMEND, AND APPOINTING COUNSEL FOR PETITIONER |
| CALIFORNIA DEPARTMENT OF MENTAL HEALTH, | |
| Respondent. | |

### Order Dismissing Petition with Leave to Amend

Petitioner, who currently is confined at Wasco State Prison, lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody herein on November 22, 2010. The Petition purports to be directed to a judgment of conviction sustained by petitioner in Los Angeles County Superior Court on August 29, 2010, following petitioner's guilty plea to assault with a deadly weapon.

The Court's review of the Petition reveals that it suffers from the following deficiencies.

First, the Petition has not been submitted on either the national form appended to the Habeas Rules or the form currently approved and supplied by the Central District of California for habeas petitions brought by prisoners in state custody. See Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District

1

1 | Courts (authorizing the District Court by Local Rule to require that habeas petitions
2 | be filed in a form prescribed by the Local Rule); see also Central District Local Rule
3 | 83-16.1.

4 |     Second, under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if
5 | he is contending that he is in custody in violation of the Constitution or laws or
6 | treaties of the United States. Here, the Petition is barely intelligible. It is unclear to
7 | the Court what or how many federal constitutional claims petitioner is alleging, or
8 | what the factual basis is for each of those claims. Moreover, to the extent that some
9 | of petitioner's allegations appear to be directed to conditions of his confinement (e.g.,
10 | his allegations about the deprivation of law library access, the destruction of his mail,
11 | and retaliation), the Court notes that such claims may not properly be asserted in a
12 | habeas petition, or as part of a habeas petition. See Preiser v. Rodriguez, 411 U.S.
13 | 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must be
14 | asserted in a separate civil rights action.

15 |     Third, in Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S. Ct. 1602, 36 L. Ed.
16 | 2d 235 (1973), the Supreme Court held that, "[w]hen a criminal defendant has
17 | solemnly admitted in open court that he is in fact guilty of the offense with which he
18 | is charged, he may not thereafter raise independent claims relating to the deprivation
19 | of constitutional rights that occurred prior to the entry of the guilty plea." See also
20 | Menna v. New York, 423 U.S. 61, 62 n.2, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975);
21 | United States v. Foreman, 329 F.3d 1037, 1038-39 (9th Cir. 2003) (precluding pre-
22 | plea motion for substitute counsel claim); Moran v. Godinez, 57 F.3d 690, 700 (9th
23 | Cir. 1994) (as amended) (foreclosing pre-plea ineffective assistance of counsel
24 | claim), cert. denied, 516 U.S. 976 (1995); United States v. Bohn, 956 F.2d 208, 209
25 | (9th Cir. 1992) (per curiam) (precluding denial of counsel at critical stage and
26 | violation of Speedy Trial Act claims). It appears to the Court that most, if not all, of
27 | petitioner's claims directed to the legality of his conviction are barred under the
28 | foregoing authorities.

Fourth, to the extent that petitioner purports to be raising an excessive bail claim, the Court notes that petitioner's current custodial status does not stem from the trial court's bail order. Rather, it stems from petitioner's subsequent criminal conviction pursuant to his guilty plea. Unless petitioner can allege facts demonstrating that his bail in any way affected his conviction, his excessive bail claim was rendered moot by his conviction. See Murphy v. Hunt, 455 U.S. 478, 481-82, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982); White v. Wilson, 399 F.2d 596, 598 (9th Cir. 1968); see also Ewing v. Smelosky, 2010 WL 4794030, *8 n.17 (C.D. Cal. Oct. 15, 2010) (excessive bail claim not cognizable in § 2254 petition); Lau v. Adams, 2009 WL 453055, *15 (C.D. Cal. Feb. 23, 2009) (same).

Fifth, under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

3

v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, the only California Supreme Court filing identified in the Petition is a writ of mandate. According to the California Appellate Courts website, that writ of mandate was remanded to the Court of Appeal. Thus, it appears to the Court that petitioner has not exhausted his state remedies with respect to any of the federal constitutional claims directed to the legality of his conviction that he purports to be raising herein.

For the foregoing reasons, the Court has concluded that the Petition will need to be substantially amended before it can be served on respondent and before respondent can be required to respond to it. Accordingly, the Petition is hereby dismissed with leave to amend.

### Order Appointing Counsel for Petitioner

Habeas Rule 8(c) and 18 U.S.C. § 3006A(a)(2)(B) empower the Court to appoint counsel at any stage of a habeas proceeding "if the interests of justice so require." After duly considering petitioner's filing history, his demonstrated inability in this and in his prior habeas and civil rights actions to articulate intelligibly his claims, the indication in the Petition and attached documents that petitioner may be suffering from a mental impairment, and his prospective difficulty understanding the legal issues raised above given his lack of legal training, the Court has concluded that the interests of justice in this case would be served by the appointment of counsel for petitioner. Accordingly, **the Office of the Federal Public Defender is hereby appointed as counsel for petitioner.** (The clerk is directed to serve a copy of this Order on the Office of the Federal Public Defender, Attn: Sean Kennedy, along with a copy of the Petition.)

//
//

Further, IT IS HEREBY ORDERED as follows:

1. Within fourteen (14) days of the service date of this Order, the assigned Deputy Public Defender shall e-file a Notice of Appearance.

2. Within sixty (60) days of the service date of this Order (subject to any reasonable extensions sought and granted), the assigned Deputy Public Defender shall (a) complete his/her review and analysis of the available files and records, (b) consult with petitioner, and (c) file a First Amended Petition, if petitioner still desires to pursue this action.

DATED: December 10, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE